**Kevin O. STONE, Defendant Below, Appellant,**

v.

**STATE of Delaware, Plaintiff Below, Appellee.**

**No. 114, 1996.**

Supreme Court of Delaware.

Submitted: June 24, 1996.
Decided: July 16, 1996.
Opinion Issued: Oct. 8, 1996.*

* The July 16, 1996 Order is vacated and this      Opinion is issued in lieu thereof.

Kevin O. Stone, pro se.

Sam Glasscock, III, Department of Justice, Georgetown, for appellee.

Before WALSH, HOLLAND and HARTNETT, JJ.

HOLLAND, Justice:

The defendant-appellant, Kevin O. Stone ("Stone"), filed this appeal from a final judgment of the Superior Court. That judgment denied his first petition for postconviction relief pursuant to Superior Court Criminal Rule 61 ("Rule 61"). The State of Delaware ("State") has moved to affirm the judgment of the Superior Court. According to the State, it is manifest on the face of Stone's opening brief that the appeal is without merit. Supr.Ct.R. 25(a). We agree.

A Superior Court jury convicted Stone of two counts of burglary in the second degree, two counts of misdemeanor criminal mischief, misdemeanor theft, possession of burglary tools, resisting arrest, and assault in the second degree. The Superior Court sentenced Stone as an habitual offender to four years and ten months in prison. This Court affirmed Stone's convictions and sentences on direct appeal. Stone later filed a motion for postconviction relief, which the Superior Court denied. This appeal ensued.

Stone raises three distinct issues in his opening brief on appeal: (a) the Superior Court erred in finding Stone to be an habitual offender; (b) he received ineffective assistance of appellate counsel; and (c) he received ineffective assistance of trial counsel.

## Prior Claim
## Procedural Bar

■ When reviewing the Superior Court's denial of a postconviction motion pursuant to Rule 61, this Court first must consider the procedural requirements of the rule before addressing any substantive issues. *Younger v. State,* Del.Supr., 580 A.2d 552, 554 (1990). Rule 61(i)(4) provides, in part, that any ground for relief that was formerly adjudicated is thereafter barred, unless reconsideration of the claim is warranted in the interest of justice.

Stone's first claim was rejected on the merits by this Court during Stone's direct appeal. Stone has offered no reason why reconsideration of this previously adjudicated claim is warranted in the interest of justice. Consequently, the Court finds Stone's first claim to be procedurally barred by the provisions of Rule 61(i)(4).

## Appellate Counsel
## Ineffective Assistance

■ In order to prevail on his claims of ineffective assistance of counsel, Stone was required to show that his counsel's representation fell below an objective standard of reasonableness and that, but for counsel's unprofessional errors, there is a reasonable probability that the outcome of the proceedings would have been different. *Strickland v. Washington,* 466 U.S. 668, 688, 694, 104 S.Ct. 2052, 2064–65, 2068, 80 L.Ed.2d 674 (1984). Although not insurmountable, the *Strickland* standard is highly demanding and leads to a "strong presumption that the representation was professionally reasonable." *Flamer v. State,* Del.Supr., 585 A.2d 736, 753 (1990). Therefore, Stone was required to set forth concrete allegations of actual prejudice or else risk summary dismissal. *See Younger v. State,* Del.Supr., 580 A.2d 552, 556 (1990).

■ Stone claims that he was denied the right to effective assistance of counsel on appeal because his appellate counsel failed to obtain a transcript of the October 29, 1993 habitual offender hearing for use on direct

appeal. Stone, however, has failed to demonstrate how the outcome of the appeal would have been different had the transcript been reviewed by this Court. *See Strickland v. Washington,* 466 U.S. at 694, 104 S.Ct. at 2068. Stone has failed to sustain his burden of setting forth concrete allegations of actual prejudice. *Younger v. State,* 580 A.2d at 556. Accordingly, his allegation of ineffective assistance of appellate counsel is without merit.

### Trial Counsel
### Ineffective Assistance

Furthermore, Stone's claim that he was denied the effective assistance of trial counsel also is without merit. In support of this claim, the only specific deficiencies alleged by Stone are that his trial counsel was ineffective for failing to interview certain alleged alibi witnesses suggested by Stone, for failing to seek the sequestration of the State's witnesses, and for failing to suppress or refute evidence of a boot print that was presented by the State to link Stone to the burglary of a church. With respect to this last assertion, the record reflects that the jury acquitted Stone of the charges related to the burglary of the church. Consequently, Stone cannot establish any prejudice arising from counsel's allegedly deficient performance in refuting or suppressing evidence related to those charges.

Moreover, even assuming that Stone's trial counsel was ineffective for failing to interview and present certain witnesses at trial and in failing to have the State's witnesses sequestered, Stone fails to demonstrate how the presentation of his alleged alibi witnesses or the sequestration of the State's witnesses would have affected the outcome of his trial. *See Strickland v. Washington,* 466 U.S. at 694, 104 S.Ct. at 2068. Consequently, these claims must fail because Stone has failed to sustain his burden of setting forth concrete allegations of actual prejudice. *Younger v. State,* 580 A.2d at 556.

### Conclusion

It is manifest on the face of Stone's opening brief that this appeal is without merit because the issues presented on appeal clearly are controlled by settled Delaware law and, to the extent that judicial discretion is implicated, clearly there was no abuse of discretion.

Pursuant to Supreme Court Rule 25(a), the State's motion to affirm is granted. The judgments of the Superior Court are affirmed.