IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR NEW CASTLE COUNTY

STATE OF DELAWARE              )
                              )
                              )
        v.                    )      ID No. 1204000588
                              )
ANTONIO BALTAZAR,             )
                              )
        Defendant.            )
                              )

## ORDER

1.    Defendant entered a guilty plea to four counts of Robbery in the First Degree and one count of Burglary in the Second Degree, and he was sentenced in June, 2013 to 25 years at Level 5 followed by probation.   A year and a half after he was sentenced Defendant apparently had second thoughts and he now seeks to withdraw his guilty plea.  This is the court's ruling on that application.

2.    Motions to withdraw guilty pleas after sentencing must be brought pursuant to Criminal Rule 61.[1]  As in all other Rule 61 motions, this court is required to determine whether it is procedurally barred before reaching the merits.[2]

---

[1]  Criminal Rule 32(d).
[2]  *Teagle v. State,* 755 A.2d 390, 2000 WL 949646, at *1 (Del. 2000) (TABLE);  *Stone v. State,* 690 A.2d 924, 925 (Del. 1996).

3. Defendant's motion is procedurally barred. Rule 61(i)(1) provides:

> A motion for postconviction relief may not be filed more than one year after the judgment of conviction is final or, if it asserts a retroactively applicable right that is newly recognized after the judgment of conviction is final, more than one year after the right is first recognized by the Supreme Court of Delaware or by the United States Supreme Court.[3]

Defendant does not satisfy the exception to Rule 61(i)(1) imbedded within that rule because he does not allege the existence of a newly recognized retroactive right. He must find any relief to the procedural bar, therefore, in the catchall exception in Rule 61(i)(5).

4. The catchall provision in Rule 61(i)(5) excuses a procedural default if the defendant's claim "satisfies the pleading requirements of subparagraphs (2)(i) or 2(ii) of subdivision of this rule." The pertinent subparagraphs of subdivision 2 excuse a procedural default if the defendant:

> (i) pleads with particularity that new evidence exists that creates a strong inference that the movant is actually innocent in fact of the acts underlying the charges of which he was convicted; or

> (ii) pleads with particularity a claim that a new rule of constitutional law, made retroactive to cases on collateral review by the United States Supreme Court or the Delaware Supreme Court, applies to the movant's case and renders the conviction or death sentence invalid.

---

[3] Sup. Ct. Crim. R. 61(i)(1)

As stated earlier, Defendant does not plead a new rule of constitutional law which has been made retroactive, and therefore he cannot satisfy subparagraph (ii).

5. Turning to subparagraph (i), Defendant has not pleaded any new evidence that "creates a strong inference that [he] is actually innocent." His guilty plea effectively forecloses such a showing here. His plea to Count 36 (Robbery in the First Degree) illustrates this. After the charges in count 36 were summarized for Defendant, the court asked him "How do you plead to this: guilty or not guilty?" whereupon Defendant responded "Guilty." The court then satisfied itself that the defendant had in fact committed the offense:

> THE COURT: And is it true, sir, that on or about March the 26th of 2012 in this county you held up Khawaja Butt?
>
> THE DEFENDANT: Yes.
>
> THE COURT: And that you took money; is it Ms. or Mr. Butt?
>
> THE DEFENDANT: Miss.
>
> THE COURT: That you took property from Ms. Butt?
>
> THE DEFENDANT: Yes.
>
> THE COURT: And at this time you suggested to her by word or conduct that you had a gun with you?
>
> THE DEFENDANT: Yes.

3

It is difficult to envision how Defendant could introduce evidence he is actually innocent of the crime when he admitted to the court that he took money from the victim while suggesting to the victim that he had a gun. Putting aside the theoretical difficulty of showing such evidence under these circumstances, the instant petition falls far short of the mark.

6. The defendant's motion does not address the procedural bars. Rather the gist of his motion is that he is "non-English speaking" and that his counsel failed to have an interpreter present during their meetings. The court notes in passing that the record contradicts his contention. Rather it demonstrates that the defendant understands English. An interpreter was present during defendant's plea colloquy, and defendant was told by the court that "if at any time you do not understand my English, please don't hesitate to turn to the interpreter who is standing next to you." Not once during the colloquy did the defendant confer with the interpreter. Defendant's answers to the court's questions throughout the colloquy were appropriate and showed he understood what was occurring during the proceedings. Indeed, when he was asked "do you have any difficulty in hearing me or in understanding what is happening in court today?" defendant responded "no."

7. Defendant's contention that, because of a language barrier, he was unable to communicate with his counsel is also belied by representations made by the defendant in connection with his plea. One

4

of the forms signed by the defendant required him to respond to the following question:

> Are you satisfied with your lawyer's representation of you, and that your lawyer has **fully advised you of your rights**?[4]

Defendant responded to this question "yes." He admitted during the plea colloquy that he had an interpreter available to him when he completed this form and that he understood the form:

> THE COURT: Mr. Rivera [an alias of defendant] would you please take a look at the Truth-in-Sentencing form. Did Mr. Barber review this with you?
>
> THE DEFENDANT: Yes.
>
> THE COURT: Was there an interpreter present at the time he reviewed this with you?
>
> THE DEFENDANT: Yes.
>
> THE COURT: Did you have an opportunity to ask him any questions you might have about it?
>
> THE DEFENDANT: Yes.
>
> THE COURT: If you asked him any questions, did he answer them to your satisfaction?
>
> THE DEFENDANT: Yes.
>
> THE COURT: Did you sign this document?
>
> THE DEFENDANT: Yes.
>
> THE COURT: Did you sign it because you understand what it means?
>
> THE DEFENDANT: Yes.

---

[4] Emphasis in original.

5

8. Defendant asks the court to appoint counsel for him. Rule 61 permits the court to appoint counsel for Rule 61 petitioners in certain limited circumstances. In cases in which a defendant seeks post-conviction relief after entry of a guilty plea, the rule provides that the court "*may appoint* counsel for an indigent movant's first *timely* postconviction motion and request for appointment of counsel if the motion seeks to set aside a judgment of conviction that resulted from a plea of guilty or nolo contendere only if the judge determines . . . ."[5] A necessary predicate under the rule for appointment of counsel is that the underlying motion for post-conviction relief must be timely. As discussed earlier, the instant motion is untimely, and therefore the court will not appoint counsel.

**WHEREFORE,** Defendant's motion for appointment of counsel is **DENIED** and his motion to withdraw his guilty plea is **DISMISSED** because it is procedurally barred**.**

Dated: February 27, 2015

John A. Parkins, Jr.
Superior Court Judge

oc: Prothonotary

cc: Antonio Baltazar, SBI 005, JTVCC, Smyrna, Delaware
Joseph S. Grubb, Esquire, Department of Justice, Wilmington, Delaware

---

[5] Sup. Ct. Crim. R. 61(e)(2) (emphasis added).

6