# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

# IN AND FOR NEW CASTLE COUNTY

| | | |
|---|---|---|
| STATE OF DELAWARE | ) | |
| | ) | |
| v. | ) | I.D. No. 1102017217 |
| | ) | |
| LUIS RIVERA, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION

Date Submitted: March 30, 2015
Date Decided: June 26, 2015

*Upon Defendant's Motion for Postconviction Relief*: **DENIED.**

Robert J. O'Neill, Jr., Esquire, Deputy Attorney General, Delaware Department of Justice, 820 N. French Street, Wilmington, DE 19801, Attorney for the State.

Richard J. Zemble, Esquire, 1220 N. Market Street, Suite 813, Wilmington, DE 19801, Attorney for Defendant.

**JURDEN, P.J.**

# I. INTRODUCTION

Luis Rivera filed the instant Motion for Postconviction Relief pursuant to Superior Court Criminal Rule 61 ("Rule 61") alleging ineffective assistance of counsel. For the following reasons, the Motion is **DENIED.**

# II. BACKGROUND

On October 18, 2011, a jury convicted Luis Rivera ("Rivera") of Trafficking in Heroin 2.5–10 grams, Possession With Intent to Deliver Heroin, Maintaining a Dwelling for Drug Purposes, Tampering With Physical Evidence, Possession of Drug Paraphernalia, and Unlawful Dealing With a Child.[1] On February 3, 2012, Rivera was sentenced to a total of 30 years at Level V, suspended after 9 years for various levels of probation.[2]

Rivera appealed the jury verdict arguing that the trial court erred in admitting into evidence his video recorded statement to the police because he was too intoxicated to knowingly and voluntarily waive his *Miranda* rights.[3] On August 21, 2012, the Delaware Supreme Court affirmed the conviction finding that Rivera's claim had no merit and was waived because Rivera's counsel was given

---

[1] *Rivera v. State*, 2012 WL 3597225 (Del. 2012).
[2] Sentencing Order, *State v. Rivera*, No. 1102017217 (Feb. 3, 2012) (D.I. 22).
[3] *Rivera*, 2012 WL 3597225, ¶ 1.

the opportunity to present a motion to suppress before trial began, but counsel declined.[4]

On August 7, 2013, Rule 61 Counsel assisted Rivera in filing this motion for postconviction relief pursuant to Rule 61 ("Rule 61 Motion").[5] Rivera asserts that Trial Counsel's failure to file a motion to suppress Rivera's confession violated his implied right to effective counsel.[6] On March 21, 2014, Trial Counsel filed an affidavit in response to allegations of ineffective assistance of counsel.[7]

## III. DISCUSSION

Rivera's Rule 61 Motion was stayed from May 2, 2014, until January 26, 2015, because of an intervening motion for postconviction relief filed regarding misconduct within the Office of the Medical Examiner. That intervening motion was withdrawn by stipulation on January 26, 2015, and therefore, the Court is now considering Rivera's Rule 61 Motion filed on August 7, 2013.[8]

Before addressing the merits of any claim for postconviction relief, the Court must first determine whether any of the procedural bars under Rule 61 are

---

[4] *Id.* ¶¶ 1, 6.
[5] Motion for Post Conviction Relief Pursuant to Superior Court Rule 61, *State v. Rivera*, No. 1102017217 (Aug. 7, 2013) (D.I. 29) ("Def.'s Br.").
[6] *Id.* at 4–7.
[7] Affidavit of John S. Edinger, Jr., Esquire, *State v. Rivera*, No. 1102017217 (Mar. 21, 2014) (D.I. 36).
[8] *See* Stipulation, *State v. Rivera*, No. 1102017217 (Jan. 26, 2015) (D.I. 42). The Court is deciding this motion pursuant to the version of Rule 61 that was in effect on August 7, 2013, the date the motion was filed.

3

applicable.[9] Rule 61(i)(1) provides that a motion for postconviction relief must be filed within one year of a final judgment of conviction.[10] Under Rule 61(i)(2), any ground not asserted in a prior postconviction proceeding is barred "unless consideration of the claim is warranted in the interest of justice."[11] Rule 61(i)(3) bars consideration of any claim not asserted in the proceedings leading up to the judgment of conviction unless the movant can show "cause for relief from the procedural default" and "prejudice from violation of the movant's rights."[12] Rule 61(i)(4) provides that any ground for relief that was formerly adjudicated is thereafter barred "unless reconsideration of the claim is warranted in the interest of judgment."[13]

Even if a procedural defect exists, the Court may consider the merits of the claim if the Defendant can show that an exception found in Rule 61(i)(5) applies.[14] Rule 61(i)(5) provides that a defect under Rule 61(i)(1)–(3) will not bar a "colorable claim that there was a miscarriage of justice because of a constitutional violation that undermined the fundamental legality, reliability, integrity or fairness of the proceedings leading to the judgment of conviction."[15]

---

[9] *Younger v. State*, 580 A.2d 552, 554 (Del. 1990).
[10] Super. Ct. Crim. R. 61(i)(1).
[11] Super. Ct. Crim. R. 61(i)(2).
[12] Super. Ct. Crim. R. 61(i)(3).
[13] Super. Ct. Crim. R. 61(i)(4).
[14] Super. Ct. Crim. R. 61(i)(5).
[15] *Id.*

Rivera's Rule 61 Motion is not procedurally barred. The motion was timely filed and this is Rivera's first opportunity to present an ineffective assistance of counsel claim.[16]

To prevail on a claim for ineffective assistance of counsel under *Strickland v. Washington*,[17] a defendant must prove: (1) counsel's representation fell below an "objective standard of reasonableness;" and (2) counsel's actions were prejudicial to his defense, creating "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."[18] When the Court examines a claim of ineffective assistance of counsel, it may address either prong first.[19] When one prong is not met, the Court may reject the defendant's claim without analyzing the other prong.[20]

The *Strickland* test is "highly demanding."[21] Under the first prong of *Strickland*, there is a "strong presumption that the representation was professionally reasonable."[22] In measuring counsel's reasonableness, every effort

---

[16] The Delaware Supreme Court affirmed Rivera's conviction on August 21, 2012, and Rivera filed the instant motion on August 7, 2013. *See Rivera v. State*, 2012 WL 3597225.

[17] *Strickland v. Washington*, 466 U.S. 668 (1984).

[18] *Id.* at 687–88, 694.

[19] *Id.* at 697.

[20] *Id.*

[21] *Fletcher v. State*, 2006 WL 1237088, at *2 (Del. Super. 2006).

[22] *Stone v. State*, 690 A.2d 924, 925 (Del. 1996) (quoting *Flamer v. State*, 585 A.2d 736, 753 (Del. 1990)).

must be made to eliminate the distorting effects of hindsight.[23]  Instead, the court must evaluate the conduct from counsel's perspective at the time.[24]

During his statement to the police, Rivera admitted to using about 13 or more bags of heroin per day and that he used about 15 bags of heroin that morning.[25]  Prior to trial, Rivera filed his own motion to suppress his confession, claiming he was incapable of giving a knowing and voluntary waiver of his *Miranda* rights because he was under the influence of heroin.[26]  Rivera's motion was forwarded to Trial Counsel, but Trial Counsel declined to file a motion to suppress the statement because in his opinion, Rivera knowingly, intelligently, and voluntarily waived his *Miranda* rights.[27]  Rivera argues that Trial Counsel was ineffective for failing to file a motion to suppress.[28]

In the context of a motion to suppress, the State has the burden of proving by a preponderance of the evidence that the defendant's waiver of his *Miranda* rights was knowing, intelligent, and voluntary.[29]  Under Delaware law, "[v]oluntary intoxication does not necessarily render a confession involuntary."[30]  Instead, "[t]he use of drugs is just one factor the court must consider while looking at the

---

[23] *Strickland*, 466 U.S. at 689.
[24] *Id.*
[25] Def.'s Br. app. at 14.
[26] Def.'s Br. at 4–6.
[27] *Id.* app. at B–1 to B–3.  *See also* Aff. of Edinger at 3.
[28] Def.'s Br. at 4.
[29] *State v. Caldwell*, 2007 WL 1748663, ¶ 4 (Del. Super. 2007).
[30] *Shockley v. State*, 2004 WL 1790198, ¶ 21 (Del. 2004) (ORDER) (citing *Howard v. State*, 458 A.2d 1180, 1183 (Del. 1983)).

totality of the circumstances to decide if a statement is 'the product of an essentially free and unconstrained choice.'"[31] The relevant inquiry is whether the defendant "knew what he or she was doing and had a reasonable appreciation of the nature and significance of his or her actions."[32]

Rivera contends that his physical symptoms during the interview indicate he was too intoxicated to give a knowing and voluntary confession.[33] At the beginning of the interview, the interviewing detective and police officer observed Rivera coughing heavily.[34] When they inquired about the coughing, Rivera replied that he smoked and had asthma.[35] The officer handed Rivera his inhaler to alleviate the coughing.[36] The detective then read Rivera his *Miranda* rights.[37] When the detective asked Rivera if he understood his rights, he responded, "Yes,"[38] and Rivera signed a *Miranda* waiver form.[39] The detective then observed Rivera shaking and asked if he had bad nerves, to which Rivera replied, "Yes. But I don't take no medicine for it."[40] The interviewing detective testified at trial that

---

[31] *State v. Pustolski*, 2009 WL 10212727, at *7 (Del. Super. 2009) (quoting *Caldwell*, 2007 WL 1748663, ¶ 9).
[32] *Id.*
[33] Def.'s Br. at 5.
[34] Def.'s Br. app. at 1.
[35] *Id.*
[36] *Id.*
[37] *Id.* at 2.
[38] *Id.*
[39] *Id.* at 3.
[40] *Id.* at 2.

Rivera did not appear to be under the influence of heroin at the time of the interview.[41]

Trial Counsel explained in his affidavit that he reviewed Rivera's video recorded statement to the police and disagreed with Rivera's assessment of what the interview reflected.[42] Trial Counsel determined that while the video recording shows that Rivera is coughing, bent over, and breathing with difficulty, it did not appear that he was in pain or shaking.[43] Further, Trial Counsel determined that Rivera's physical symptoms were caused by an asthma attack, not intoxication.[44] According to Trial Counsel, Rivera's demeanor in the interview was no different than when Trial Counsel met with Rivera at the Howard R. Young Correctional Facility and at various times in the courthouse prior to trial.[45] Trial Counsel considered whether Rivera was intoxicated during the interview; however, he believed under the totality of the circumstances, that Rivera's waiver was knowing, intelligent, and voluntary, and that there was no good faith basis upon which to file a motion to suppress the confession.[46]

After a thorough review of Rivera's assertions, Trial Counsel's affidavit, and the record of the case, Rivera has failed to overcome the presumption that Trial

---

[41] Transcript of Trial at 108, *State v. Rivera*, No. 1102017217 (Oct. 18, 2011) (D.I. 24).
[42] Aff. of Edinger at 2.
[43] *Id.*
[44] *Id.*
[45] *Id.*
[46] *Id.* at 3.

Counsel's decision not to file a motion to suppress was professionally reasonable. Rivera voluntarily answered each of the detective's and officer's questions and did not exhibit any other physical symptoms of possible intoxication except for the physical symptoms that Trial Counsel concluded were caused by Rivera's asthma.

Moreover, the record supports Trial Counsel's determination that even if Rivera was intoxicated, Rivera knew and appreciated the nature and significance of his actions. For example, Rivera admitted during the interview that he did not immediately open the door when he noticed the police officers at the door because he had outstanding warrants for his arrest in Puerto Rico.[47] After he noticed the police officers, Rivera locked the chain on the door and went to the back room and told his son, "they're going to lock me up, they're going to lock me up."[48] Rivera further acknowledged that he does not sell heroin to children because he has a child of his own.[49] Finally, Rivera acknowledged that he is familiar with the arresting process because he was arrested several times prior to the day of the interview.[50]

Rivera has failed to show that Trial Counsel's actions fell below an objective standard of reasonableness. Because Rivera cannot meet the first prong of *Strickland*, the Court will not analyze the second prong of *Strickland*.

---

[47] Def.'s Br. app. at 5.
[48] *Id.* at 8.
[49] *Id.* at 12.
[50] *Id.* at 6.

## IV.  CONCLUSION

For the foregoing reasons, the Defendant's Motion for Postconviction Relief is **DENIED.**

**IT IS SO ORDERED.**

_____
Jan R. Jurden, President Judge

10