IN THE SUPREME COURT OF THE STATE OF DELAWARE

OSCAR TERRERO-OVALLES, §
§ No. 91, 2019
Defendant Below– §
Appellant, §
§
v. § Court Below–Superior Court
§ of the State of Delaware
STATE OF DELAWARE, §
§ Cr. ID 1612003435 (N)
Plaintiff Below– §
Appellee. §

Submitted: April 18, 2019
Decided: June 3, 2019

Before **STRINE**, Chief Justice; **SEITZ** and **TRAYNOR**, Justices.

## **ORDER**

After careful consideration of the appellant's opening brief, the State's motion to affirm, and the record on appeal, it appears to the Court that:

(1) The appellant, Oscar Terrero-Ovalles, appeals from the Superior Court's order denying his first motion for postconviction relief. The State has filed a motion to affirm the Superior Court's judgment on the ground that it is manifest on the face of Terrero-Ovalles' opening brief that his appeal is without merit. We agree and affirm.

(2) In May 2017, a Superior Court grand jury indicted Terrero-Ovalles for five counts of drug dealing, five counts of aggravated possession, and one count of possession of drug paraphernalia. The charges stemmed from a drug investigation

conducted by the Drug Enforcement Administration ("DEA") with assistance from a confidential informant. At Terrero-Ovalles' preliminary hearing, defense counsel questioned the investigating DEA agent about why Terrero-Ovalles came to the DEA's attention and how the DEA conducted its subsequent probe into Terrero-Ovalles' activities. In the Superior Court, counsel moved to withdraw and appointed counsel entered his appearance. On November 13, 2017, Terrero-Ovalles pleaded guilty to two counts of drug dealing. In exchange for his plea, the State entered a *nolle prosequi* on the remaining charges. The Superior Court immediately sentenced Terrero-Ovalles to an aggregate of sixteen years of Level V incarceration to be suspended after four years, followed by probation. Terrero-Ovalles did not appeal.

(3) In January 2018, Terrero-Ovalles filed a motion to modify his sentence. The Superior Court denied the motion, noting that each drug dealing charge carried a minimum mandatory sentence of two years that could not be suspended. On October 19, 2018, Terrero-Ovalles filed his first motion for postconviction relief under Superior Court Criminal Rule 61 ("Rule 61"). Terrero-Ovalles argued that (i) when he was arrested, the police did not show him an arrest warrant or read him his *Miranda* rights; (ii) the State's use of a confidential informant constituted entrapment, and the State's investigation was otherwise suspect; (iii) the drug quantities reflected in State's laboratory reports differed from the quantities listed in the indictment; (iv) his trial attorneys were ineffective for failing to raise those

2

issues; and (v) his plea was null and void because appointed counsel led him to believe his final case review was his last case review date and that the State would not be offering another plea.

(4) The Superior Court denied the motion on January 20, 2019, finding that the majority of Terrero-Ovalles' claims were procedurally barred under Rule 61(i)(3) and by his knowing and voluntary guilty plea. The Superior Court also held that Terrero-Ovalles failed to show that trial counsel provided ineffective assistance of counsel. This appeal followed.

(5) This Court reviews the Superior Court's denial of postconviction relief for abuse of discretion and questions of law *de novo*.[1] The Court must consider the procedural requirements of Rule 61 before it addresses any substantive claim.[2] Rule 61(i)(3) provides that any ground for relief that was not raised in the proceedings leading to the judgment of conviction is thereafter barred unless the defendant can establish cause for relief from the procedural default and prejudice from a violation of the defendant's rights. To establish cause, the movant must demonstrate that an external impediment prevented him from raising the issue earlier.[3] In addition, the movant must show actual prejudice resulting from the alleged error.[4]

---

[1] *Dawson v. State*, 673 A.2d 1186, 1190 (Del. 1996).
[2] *Younger v. State*, 580 A.2d 552, 554 (Del. 1990).
[3] *Id.* at 556.
[4] *Id.*

3

(6)     We agree with the Superior Court's reasoning that, aside from his claims of ineffective assistance of counsel, Terrero-Ovalles' claims could have been raised in the proceedings below and were therefore procedurally barred under Rule 61(i)(3).  Terrero-Ovalles did not attempt to establish cause for relief from the procedural default or actual prejudice.

(7)     As the Superior Court also recognized, a defendant who enters a knowing, intelligent, and voluntary guilty plea waives his right to challenge errors or defects preceding the entry of the plea.[5]  The record reflects that Terrero-Ovalles knowingly, intelligently, and voluntarily pleaded guilty to two counts of drug dealing.  On the Truth-in-Sentencing Guilty Plea Form, Terrero-Ovalles indicated he freely and voluntarily decided to plead guilty, no one threatened or forced him to plead guilty, and he understood he was giving up certain constitutional rights by pleading guilty.  Terrero-Ovalles also acknowledged that he faced a prison sentence of up to fifty years by pleading guilty.  During the plea colloquy, Terrero-Ovalles conceded that, because he is not a citizen of the United States, he faced deportation as a consequence of pleading guilty.  Upon questioning by the Superior Court, Terrero-Ovalles affirmed that he was freely and voluntarily deciding to plead guilty, that no one had threatened or forced him to plead guilty, that he was giving up his right to compel the State to prove every element of the charges he faced, that he was

---

[5] *Miller v. State*, 840 A.2d 1229, 1232 (Del. 2003).

4

waiving the right to hear and question the State's evidence, that he was guilty of selling a controlled substance to a confidential informant on two occasions, that he faced minimum mandatory prison time for each offense, and that he understood the Court was not bound by the State's sentencing recommendation. Absent clear and convincing evidence to the contrary, Terrero-Ovalles is bound by his representations to the Court during the guilty plea colloquy and in the Truth-in-Sentencing Guilty Plea Form.[6] Therefore, Terrero-Ovalles has waived his right to challenge errors that may have occurred in the proceedings leading up to his plea.

(8) In order to prevail on a claim of ineffective assistance of counsel after pleading guilty, Terrero-Ovalles must show that (i) trial counsel's conduct fell below an objective standard of reasonableness, and (ii) there is a reasonable probability that, but for counsel's alleged errors, he would not have pleaded guilty but would have insisted on proceeding to trial.[7] Terrero-Ovalles must make concrete allegations of cause and actual prejudice to substantiate a claim of ineffective assistance of counsel.[8] Although not insurmountable, there is a strong presumption that counsel's representation was professionally reasonable.[9]

---

[6] *Somerville v. State*, 703 A.2d 629, 632 (Del. 1997).
[7] *Miller*, 840 A.2d at 1231.
[8] *Stone v. State*, 690 A.2d 924, 925 (Del. 1996).
[9] *Id.*

5

(9)     After careful consideration, we concur with the Superior Court's conclusion that Terrero-Ovalles failed to establish either cause or prejudice to substantiate his claim that one or both of his attorneys provided ineffective assistance of counsel. Terrero-Ovalles' initial attorney effectively questioned the investigating DEA agent at Terrero-Ovalles' preliminary hearing. Prior to the final case review, appointed counsel reviewed with Terrero-Ovalles the State's evidence, which included audio and visual recordings of Terrero-Ovalles selling drugs to a confidential informant. Terrero-Ovalles has not shown that either counsel's representation was professionally unreasonable, nor has he shown how he was prejudiced by counsel's alleged errors. Given the nature of the evidence against him, the Court cannot conclude that, but for trial counsel's alleged errors, there is a reasonable probability that Terrero-Ovalles would have refused the State's plea offer and achieved a more favorable result at trial.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:


*/s/ Gary F. Traynor*
Justice