IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| ANTHONY A. ABBATIELLO, | § | |
| | § | |
| Defendant Below, | § | No. 159, 2020 |
| Appellant, | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID Nos. 1505015619A |
| | § | 1505015619B |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: October 16, 2020
Decided: December 22, 2020

Before **VALIHURA**, **VAUGHN**, and **TRAYNOR**, Justices.

# **O R D E R**

(1)     The appellant, Anthony Abbatiello, has appealed the Superior Court's denial of his first motion for postconviction relief under Superior Court Criminal Rule 61 and his motions to compel and to appoint an expert. After careful consideration of the parties' briefs and the record, we affirm the Superior Court's judgment.

(2)     During a three-day jury trial, the State presented evidence that, on May 9, 2015, an intruder entered a motel room occupied by Carla Weston, pointed a gun at her, and demanded money. Weston complied and, after also taking Weston's purse and cell phones, the intruder fled. Weston then ran out of the room, yelling to a nearby crowd that she had been robbed.

(3)    As Weston and others pursued the robber, he turned back and fired three shots in their direction; the nearest pursuer testified that he felt one of the bullets whiz by his head.  The robber then got into a black Mercedes sport utility vehicle, which was driven by another person, and left the scene.  Weston reported that the vehicle had a Delaware license plate number of PC19805.  Weston also provided a description of the robber and his clothing that was consistent with a motel surveillance video, which captured the robber fleeing Weston's room with the purse and the ensuing chase and shooting in the parking lot.

(4)    Delaware State Police investigators determined that a Delaware license plate number of PC198056—nearly identical to the number provided by Weston— had been issued to a 2011 black Mercedes sport utility vehicle.  The investigators later determined that a man named Bernard Bryant was stopped for a speeding violation while driving that vehicle about one-and-a-half hours after Weston was robbed.  Cell phone records showed that there was attempted contact between cell phones associated with Abbatiello and Bryant on the night before and the morning of the robbery—the State pointed to this information to argue that Abbatiello and Bryant knew each other.  The State also called an expert witness to testify that Abbatiello's cell phone pinged a cell tower located in Delaware in the early morning hours of the day of the robbery; on cross-examination, the expert testified that the

2

cell phone records did not contain any information that placed Abbatiello's cell phone near the motel that day.

(5) Based on Weston's physical description of the robber and the surveillance video, police created a photographic lineup, which included Abbatiello. Police showed the lineup to Weston, who quickly identified Abbatiello as the man who robbed her. Several days after the robbery, police went to Abbatiello's residence to conduct a search. Abbatiello was outside the residence; upon seeing the officers, Abbatiello drove off in a car at a high rate of speed. A few minutes later, a different police officer saw the car speed by and then crash into a shrub; by the time the officer arrived at the crash scene, the driver had fled. Back at Abbatiello's residence, police collected articles of clothing that were consistent with the clothing worn by the man who robbed Weston.

(6) Abbatiello was apprehended in Pennsylvania on August 17, 2015 and arrested by Delaware State Police on August 24, 2015. At trial, an inmate that was housed on the same prison pod as Abbatiello testified that Abbatiello admitted to him that Abbatiello had robbed a woman at the motel. The podmate said that Abbatiello also admitted to having a gun and firing it three times at a pursuing male and that he planned to call alibi witnesses who would say that he was with them at the time of the robbery. Abbatiello's brother and another acquaintance testified that

3

Abbatiello was with them in Philadelphia on the day of the robbery. Abbatiello also took the stand and testified that he was in Philadelphia on the day in question.

(7) On March 24, 2016, the jury found Abbatiello guilty of attempted first-degree assault, as a lesser-included offense of attempted first-degree murder; home invasion; first-degree robbery; four counts of possession of a firearm during the commission of a felony; first-degree reckless endangering; and several traffic offenses. Following the jury's verdict, the Superior Court held a bench trial on charges of possession of a firearm by a person prohibited and possession of ammunition by a person prohibited and found Abbatiello guilty of both charges. After a presentence investigation, the Superior Court sentenced Abbatiello to a total of approximately fifty-three years of Level V incarceration, suspended after forty-six years and six months for decreasing levels of probation. This Court affirmed on direct appeal.[1]

(8) Abbatiello then filed a *pro se* motion for postconviction relief. The Superior Court granted Abbatiello's motion for appointment of postconviction counsel, and the Office of Conflict Counsel appointed counsel to represent him. Postconviction counsel later withdrew, based on Abbatiello's desire to decline representation and to proceed *pro se*.

---

[1] *Abbatiello v. State*, 2017 WL 3725063 (Del. Aug. 29, 2017).

(9) After expanding the record with briefing and an affidavit from trial counsel, the Superior Court denied Abbatiello's motion for postconviction relief. The Superior Court also denied a motion to compel and a motion for appointment of an expert that Abbatiello had filed while the motion for postconviction relief was pending. Abbatiello now appeals to this Court.

(10) On appeal, Abbatiello argues that the State engaged in prosecutorial misconduct by presenting false expert testimony regarding the cell phone records; suppressing the cell phone records of Abbatiello's girlfriend and objecting to the admission of those records on the basis that the records that defense counsel tried to use at trial were not authenticated, when the State purportedly possessed a certified copy of the records; suppressing the New Jersey criminal history of Abbatiello's podmate and knowingly presenting the purportedly false testimony of Abbatiello's podmate regarding his criminal history; and presenting false testimony regarding the circumstances of Weston's statement to police that the person who robbed her had tattoos on his arms. He also asserts multiple claims of ineffective assistance of counsel. He argues that (i) trial and appellate counsel provided ineffective assistance relating to the cell phone records; (ii) trial counsel provided ineffective assistance in connection with his handling of the testimony of Abbatiello's podmate and the potential alibi witnesses; (iii) trial counsel provided ineffective assistance by failing to interview Bryant, the alleged driver of the vehicle in which the robber left the

scene of the crime; (iv) trial and appellate counsel provided ineffective assistance relating to evidence concerning the circumstances of Weston's statement to police that the person who robbed her had tattoos on his arms; (v) trial counsel provided ineffective assistance by failing to investigate and elicit testimony regarding Weston's alleged illegal activities; (vi) trial counsel provided ineffective assistance by producing to the prosecution a defense investigator's memoranda regarding conversations with Abbatiello's alibi witnesses; and (vii) trial counsel inadequately cross-examined two police officers regarding the traffic offenses. Abbatiello also contends that his conviction should be reversed based on cumulative error and that the Superior Court erred by denying his motion to compel the State or the cell phone provider to produce an "accurate set" of his cell phone records.

(11) This Court reviews the Superior Court's denial of a motion for postconviction relief for abuse of discretion.[2] We review legal or constitutional questions, including claims of ineffective assistance of counsel, *de novo*.[3] The Court considers the procedural requirements of Rule 61 before addressing any substantive issues.[4]

(12) As described above, Abbatiello frames several of his arguments— including arguments relating to the cell phone records, the criminal history of his

---

[2] *Ploof v. State*, 75 A.3d 811, 820 (Del. 2013).
[3] *Id.*
[4] *Bradley v. State*, 135 A.3d 748, 756-57 (Del. 2016).

podmate, and Weston's identification of the robber as having tattoos—as claims of prosecutorial misconduct. The Superior Court held that these claims are procedurally barred under Superior Court Criminal Rule 61(i) because they were either previously adjudicated or were not raised during trial or on direct appeal.[5] We agree with the Superior Court that the claims that Abbatiello has asserted, other than his claims of ineffective assistance of counsel, are procedurally barred. Those claims challenge the veracity, weight, and implications of testimony and other evidence that was presented at trial. Abbatiello, with the assistance of counsel, could have raised those claims in the proceedings leading to his conviction, and he has not overcome the procedural bars by demonstrating that new evidence exists that creates a strong inference that he is actually innocent, nor has he pleaded a new rule of constitutional law that is retroactively applicable to his case.[6] Specifically, his assertions about his and his girlfriend's cell phone records, his podmate's New Jersey criminal history, and the circumstances of Weston's statements about the robber's tattoos neither rely on new evidence nor create a strong inference that Abbatiello is actually innocent.

---

[5] *State v. Abbatiello*, 2020 WL 1847477, at *3 (Del. Super. Ct. Apr. 8, 2020). *See* DEL. SUPER. CT. CRIM. R. 61(i) (setting forth procedural bars to postconviction relief).
[6] *See* DEL. SUPER. CT. CRIM. R. 61(d)(2)(i), (ii); *id.* R. 61(i)(5).

(13) As the Superior Court correctly determined, Abbatiello's claims of ineffective assistance of counsel are not procedurally barred.[7] In order to prevail on a claim of ineffective assistance of counsel, a defendant must demonstrate that (i) his defense counsel's representation fell below an objective standard of reasonableness, and (ii) there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different.[8] Although not insurmountable, there is a strong presumption that counsel's representation was professionally reasonable.[9] A defendant must also make concrete allegations of actual prejudice to substantiate a claim of ineffective assistance of counsel.[10] The same *Strickland* framework applies when evaluating a claim that appellate counsel provided ineffective assistance.[11]

(14) Abbatiello asserts several ineffective-assistance claims relating to the cell phone evidence. He argues that his trial counsel provided ineffective assistance by failing to investigate or consult an expert regarding purported discrepancies between Abbatiello's cell phone records and those of his girlfriend, obtain an admissible copy of Abbatiello's girlfriend's cell phone records, and effectively

---

[7] *See Green v. State*, 238 A.3d 160, 175 (Del. 2020) ("[I]neffective-assistance claims are not subject to Rule 61(i)(3)'s bar because they cannot be asserted in the proceedings leading to the judgement of conviction under the Superior Court's rules and this Court's precedent.").

[8] *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984).

[9] *Albury v. State*, 551 A.2d 53, 59 (Del. 1988).

[10] *Bradley v. State*, 135 A.3d 748, 760 (Del. 2016).

[11] *Neal v. State*, 80 A.3d 935, 946 (Del. 2013).

impeach the State's expert. Pointing to the fact that his girlfriend's cell phone records show calls between her phone and his phone on the day of the robbery, Abbatiello contends that his counsel somehow could have used the records to demonstrate that Abbatiello was not in Delaware on the day of the robbery and to otherwise impeach the testimony of the State's expert.

(15) Abbatiello has failed to show that there is a reasonable probability that but for counsel's alleged errors, the result of the proceeding would have been different.[12] Despite his continued assertion that the copies of his cell phone records that the State used at trial were incomplete, Abbatiello has not produced copies of his own cell phone records that show any missing entries. And, as the Superior Court concluded, the use of his girlfriend's records at trial would have shown, at most, that she attempted to call him during the day. He has not shown how that would have made the jury less likely to decide that he committed the robbery. Abbatiello therefore has not shown a reasonable probability that the result of the proceeding would have been different, and his claims that his trial counsel provided ineffective assistance relating to the cell phone records and the cell phone expert fail. To the extent that he asserts that his appellate counsel provided ineffective assistance with respect to these issues, that claim similarly fails.

---

[12] *Strickland*, 466 U.S. at 694.

9

(16) Next, Abbatiello argues that his trial counsel provided ineffective assistance relating to the testimony of Abbatiello's podmate and potential alibi witnesses, including by warning the potential alibi witnesses that the State intended to present evidence that the alibi defense was manufactured and that they therefore might face perjury charges and by failing to compel them to testify anyway. We conclude that Abbatiello has not demonstrated prejudice with respect to this claim. On direct appeal, Abbatiello argued that the State's warning about potential perjury charges, which defense counsel conveyed to the witnesses, constituted prosecutorial misconduct. This Court held that the warnings did not substantially interfere with the witnesses' determination whether to testify or support an inference that the witnesses were coerced into silence.[13] Abbatiello's attempt to frame this as a claim of ineffective assistance of counsel therefore fails to demonstrate prejudice. Moreover, despite the warnings, two witnesses and Abbatiello testified that Abbatiello was in Philadelphia on the day of the robbery, and additional testimony would have been cumulative.[14]

(17) Abbatiello also contends that his trial counsel provided ineffective assistance by failing to interview Bryant, the driver of the vehicle in which the robber

---

[13] *Abbatiello*, 2017 WL 3725063, at *2.

[14] *See Outten v. State*, 720 A.2d 547, 553 (Del. 1998) ("To be reasonably competent, counsel need not present cumulative evidence." (internal quotation and alteration omitted)); *Marvel v. State*, 1994 WL 19022 (Del. Jan. 18, 1994) ("The failure to ask one more cumulative witness about the conspiracy allegation is of no constitutional import.").

10

left the scene of the crime, or to call him as a witness. As the Superior Court determined, Abbatiello participated in the decision not to contact Bryant, informing counsel that he did not think Bryant would cooperate. Abbatiello cannot now shift the blame to counsel, particularly where he has not shown that Bryant would have provided any evidence that was favorable to the defense.[15]

(18) Abbatiello also argues that his trial and appellate counsel provided ineffective assistance relating to evidence concerning the circumstances of Weston's statement to police that the person who robbed her had tattoos on his arms. After reviewing the record, we agree with the Superior Court's conclusion that trial counsel's cross-examination of Weston and the detective regarding Weston's description of the robber was objectively reasonable. The cross-examination identified inconsistencies between Weston's statements to the police and her testimony at trial concerning the description of the robber; it also elicited testimony that she was uncertain about the tattoos and had not mentioned any tattoos when speaking to police on the day of the robbery. Abbatiello's claims of ineffective assistance fail with respect to this issue.

(19) Next, Abbatiello contends that trial counsel provided ineffective assistance by failing to investigate and elicit testimony regarding Weston's alleged

---

[15] *See Tice v. State*, 1995 WL 715854, at *3 (Del. Nov. 13, 1995) ("Moreover, Tice does not even allege what testimony Tharp could have provided that would have been helpful to his defense. Thus, Tice has failed to show any prejudice.").

illegal activities, which he asserts would suggest that someone else had a motive to rob her. The record reflects that trial counsel declined to pursue this strategy because he did not believe it would result in a favorable outcome for Abbatiello at trial. Abbatiello has not overcome the presumptions that counsel's performance was professionally reasonable and that it was consistent with "sound trial strategy."[16] Moreover, as the Superior Court observed when denying postconviction relief, the jury was presented with some testimony that Weston was a drug dealer and, "[f]undamentally, however, the issue of *why* someone robbed Weston was not material at trial; the issue at trial was *who* robbed her."[17] We conclude that counsel's performance with respect to this issue was not objectively unreasonable, nor has Abbatiello demonstrated prejudice.

(20) Abbatiello argues that trial counsel provided ineffective assistance by producing to the prosecution memoranda prepared by a defense investigator regarding his conversations with Abbatiello's brother and acquaintance, who testified at trial as alibi witnesses. The Superior Court found that trial counsel reasonably determined that the memoranda constituted witness statements that were subject to production under Superior Court Criminal Rule 26.2.[18] The Superior

---

[16] *Strickland*, 466 U.S. at 689.

[17] *Abbatiello*, 2020 WL 1847477, at *7.

[18] *See* DEL. SUPER. CT. CRIM. R. 26.2(a) ("After a witness other than the defendant has testified on direct examination, the court, on motion of a party who did not call the witness, shall order the attorney general or the defendant and the defendant's attorney, as the case may be, to produce, for

12

Court also concluded that Abbatiello had "not shown to a reasonable degree of probability that, but for the production of these witness statements, the jury would have returned a different verdict" because the State impeached the alibi witnesses' credibility by other means than just the memoranda and "the credibility of those witnesses also was imperiled by [the podmate's] testimony, Weston's identification, the physical evidence, and the cell phone records."[19] We agree that Abbatiello has not shown prejudice regarding the production of the witness statements. We therefore need not reach the question of whether defense counsel reasonably determined that the memoranda were subject to production under Rule 26.2.[20]

(21) Abbatiello argues that trial counsel inadequately cross-examined two police officers regarding the traffic offenses; he contends that this purported ineffective representation "forced" him to take the stand to accept responsibility for those charges so that the defense would not lose credibility with the jury. The

---

the examination and use of the moving party, any statement of the witness that is in their possession and that relates to the subject matter concerning which the witness has testified."); *id.* R. 26.2(f) (defining a witness statement as "(1) A written statement made by the witness that is signed or otherwise adopted or approved by the witness; (2) A substantially verbatim recital of an oral statement made by the witness that is recorded contemporaneously with the making of the oral statement and that is contained in a stenographic, mechanical, electrical, or other recording or a transcription thereof; or (3) A statement, however taken or recorded, or a transcription thereof, made by the witness to a grand jury.").

[19] *Abbatiello*, 2020 WL 1847477, at *8.

[20] *See Richardson v. State*, 3 A.3d 233, 240-41 (Del. 2010) ("If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." (internal quotation omitted)); *Stone v. State*, 690 A.2d 924, 926 (Del. 1996) ("Moreover, even assuming that Stone's trial counsel was ineffective for failing to interview and present certain witnesses at trial . . ., Stone fails to demonstrate how the presentation of his alleged alibi witnesses . . . would have affected the outcome of his trial.").

evidence that Abbatiello committed the traffic offenses was overwhelming. Thus, the Court finds no prejudice to Abbatiello with respect to those charges. Moreover, both counsel and the trial judge discussed with Abbatiello the implications and risks of testifying and that the decision to testify was his and his alone. Abbatiello also represented to the court that no one forced him to testify and that he was making that decision of his own free will; additionally, by the time he took the stand, the court had already ruled that the record supported instructing the jury regarding the inferences that could be drawn from the defendant's flight. Abbatiello's claim that trial counsel's actions somehow forced him to testify or resulted in a flight instruction is therefore without merit.

(22) Abbatiello's claim that he is entitled to relief because of cumulative error also is without merit. "Cumulative error must derive from multiple errors that caused 'actual prejudice.'"[21] Because the Court has found no errors that caused actual prejudice, his claim of cumulative error also fails.

(23) Finally, we conclude that the Superior Court did not err by denying Abbatiello's motions to compel copies of his cell phone records or to appoint an expert. The Superior Court determined that the State has produced the records that it has, and Abbatiello has not provided any nonspeculative information that suggests

---

[21] *Michaels v. State*, 970 A.2d 223, 231 (Del. 2009).

that his cell phone records that were used at trial were incomplete.  In the absence of

such information, he also has not demonstrated how an expert would be helpful.[22]

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior

Court is AFFIRMED.

BY THE COURT:

/s/  James T. Vaughn, Jr.
Justice

---

[22] *Cf. Taylor v. State*, 32 A.3d 374, 391 (Del. 2011) (rejecting claim that Superior Court erred by declining to compel a witness to testify at a postconviction hearing because defendant did not show how it would help his case).